UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENT A. ALLEN,

               Plaintiff,

-against-

ANTWAN PATTON (BIG BOI); ANTONIO RIED (HITCO ENTERTAINMENT); SUNDAR PICHAI (GOOGLE),

               Defendants.

21-CV-3459 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, asserts claims for appropriation of his ideas for Google and Instagram, and for developing domain names including Postmates, Kangaroo, and Amazon. He invokes the diversity of citizenship statute, 28 U.S.C. § 1332, as the basis for this Court's jurisdiction. By order dated April 29, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

In prior actions assigned to this Court, Plaintiff Kent Allen raised the same claims raised here but named different defendants. *See Allen v. Patton*, ECF 1:21-CV-3434, 2 (S.D.N.Y. Apr. 30, 2021); *Allen v. Cole,* ECF 1:21-CV-3450, 2 (S.D.N.Y. May 7, 2021). Plaintiff attached the same statement of facts to the complaints in this action and the prior actions. (*See* ECF 2, at 7; ECF 1:21-CV-3434, 2, at 6; ECF 1:21-CV-3450, 2, at 7.) Here, Plaintiff adds Sundar Pichai (Google), but the complaint alleges no facts regarding Pichai. Otherwise, Plaintiff alleges

identical facts in all three complaints. The Court therefore assumes familiarity with the complaints in 21-CV-3434 and 21-CV-3450 for the purposes of this order.

**DISCUSSION**

**A.     Failure to State a Claim**

The Court construes Plaintiff's allegations that he had the idea for the Instagram platform and Google's search engine and map software, but was not credited or compensated for these ideas as seeking relief for copyright or patent infringement. The Court also construes Plaintiff's allegations that he was deprived of the ability to profit from registration of various well-known domain names, including the domain names Google, Amazon, and Postmates, as seeking relief for "cybersquatting."[1]

The Court dismisses each of these claims for the same reasons it dismissed Plaintiff's claims in ECF 1:21-CV-3434, 6 and ECF 1:21-CV-3450, 6. That is, because Plaintiff does not allege that at any point he created any software or other tangible expression of his ideas or that he holds any copyright, he alleges nothing more than that he had an uncopyrightable idea, and he therefore fails to state a claim on which relief can be granted under the Copyright Act. And because Plaintiff alleges only that he had the idea for something like Google or Instagram – not

---

[1] The Anticybersquatting Consumer Protection Act (ACPA) amends the Trademark Act of 1946 to create a federal remedy for cybersquatting – that is, for warehousing and trafficking in domain names. The ACPA provides, at 15 U.S.C. § 1125(d)(1)(A), that:

> A person shall be liable in a civil action by the owner of a mark, including a personal name which is protected as a mark under this section, if, without regard to the goods or services of the parties, that person—(i) has a bad faith intent to profit from that mark, including a personal name which is protected as a mark under this section; and (ii) registers, traffics in, or uses a domain name that—(I) in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark; (II) in the case of a famous mark that is famous at the time of registration of the domain name, is identical or confusingly similar to or dilutive of that mark; . . . .

3

that he actually developed the technology or was issued a patent, Plaintiff fails to state a claim for patent infringement. Finally, because the complaint gives no indication that Plaintiff has a registered trademark for any word, name, slogan, logo, or symbol, that Defendants have infringed any trademark he holds, or that Defendants were involved in preventing Plaintiff from renewing any domain registration, Plaintiff fails to state a claim against any Defendant for interfering with his domain registration.

**B.     Frivolousness**

Under the IFP statute, a court must dismiss a case if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston*, 141 F.3d at 437 (internal quotation marks and citation omitted). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks).

The Court, after reviewing Plaintiff's complaint, finds that it lacks any arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff's claim that, as an eight or nine-year-old child, he had the ideas for Google and Instagram is baseless, particularly in light of claims Plaintiff has advanced in his numerous other complaints described below. Thus, the Court also dismisses the complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

In deference to Plaintiff's *pro se* status, the Court would normally direct Plaintiff to amend his complaint, but the Court finds that the complaint cannot be cured with an amendment. Where an amendment would be futile, leave to amend is not required. *Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (court may

dismiss complaint *sua sponte* and without providing leave to amend "where the substance of the claim pleaded is frivolous on its face").

**C.     Litigation History**

Since April 19, 2021, Plaintiff has filed fifteen similar actions in this Court. *See, e.g.*, *Allen v. Payton*, ECF 1:21-CV-4698, 2 (S.D.N.Y. filed May 25, 2021) (complaint alleging that Plaintiff came up with the idea of Dasani water); *Allen v. Zuckerberg*, ECF 1:21-CV-4699, 2 (S.D.N.Y. filed May 25, 2021) (complaint alleging Plaintiff had the idea for Facebook); *Allen v. EK*, ECF 1:21-CV-4696, 2 (S.D.N.Y. filed May 25, 2021) (complaint alleging Plaintiff had the idea for Spotify); *Allen v. Klein*, ECF 1:21-CV-3839, 4 (S.D.N.Y. May 18, 2021) (dismissing the complaint for failure to state a claim); *Allen v. Almanazar*, ECF 1:21-CV-3838, 4 (S.D.N.Y. May 17, 2021) (dismissing the complaint for failure to state a claim and as frivolous and directing Plaintiff to show cause why he should not be barred from filing future actions IFP without first receiving permission from the Court); *Allen v. Trimble*, ECF 1:21-CV-4299, 2 (S.D.N.Y. filed May 11, 2021) (complaint alleging that Plaintiff developed singer Dej Loaf and invented Twitter and Instagram); *Allen v. Tenev*, ECF 1:21-CV-4119, 2 (S.D.N.Y. filed May 7, 2021) (complaint alleging that, as a child, Plaintiff "thought about how Robin Hood the cartoon show should also be used for stock trading"); *Allen v. Cole*, ECF 1:21-CV-3450, 6 (S.D.N.Y. May 7, 2021) (dismissing the complaint and warning Plaintiff that vexatious or frivolous litigation may result in an order barring him from filing new actions IFP); *Allen v. Patton*, ECF 1:21-CV-3434, 6 (S.D.N.Y. Apr. 30, 2021) (same); *Allen v. Finley*, ECF 1:21-CV-3840, 2 (S.D.N.Y. filed April 29, 2021) (complaint alleging that Plaintiff invented the business name "Aquafina"); *Allen v. Thomas*, ECF 1:21-CV-3841, 2 (S.D.N.Y. filed April 29, 2021) (complaint describing Plaintiff's alleged creation of the name "GameStop"); *Allen v. Cole*, ECF 1:21-CV-3844, 2 (S.D.N.Y. filed Apr. 29, 2021) (complaint alleging Plaintiff developed singer Keyshia Cole and invented the

business name "Sunrun"); and *Allen v. Patton*, ECF 1:21-CV-3468, 2 (S.D.N.Y. filed April 19, 2021) (complaint naming Amazon founder Jeff Bezos).

Based on this litigation history, by order dated May 17, 2021, the Court directed Plaintiff to show cause why he should not be barred from filing any further actions in this Court IFP without first obtaining permission from this Court to file his complaint. *Allen v. Almanazar*, ECF 1:21-CV-3838, 4 (S.D.N.Y. May 17, 2021). As of the date of this order, Plaintiff has not submitted a declaration. Thus, the Court again warns Plaintiff that continued vexatious or frivolous litigation in this Court may result in imposition of additional filing restrictions. *See* 28 U.S.C. § 1651.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(b)(ii), and as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff has consented to receive electronic service of notices and documents in this action. (ECF 6.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: June 3, 2021
        New York, New York

                                  /s/ Laura Taylor Swain
                                  LAURA TAYLOR SWAIN
                                  Chief United States District Judge